[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a "Motion for Reargument", dated February 20, 1998, the plaintiff has requested that the court reconsider prior rulings and orders it has made in connection with the plaintiff's tax appeal. Essentially, it asks that the court disallow the use by the defendant of revised assessments as the basis for taxing certain motor vehicles which were found by the court to be the property of the plaintiff on the tax dates in question.
Although the claims made by the plaintiff have been made before, the court has reexamined its prior rulings and orders inasmuch as the plaintiff has invoked in its motion the constitutional guarantee of due process. Having reconsidered them, however, in light of the cases cited and arguments made by the plaintiff, no reason appears for a change in those rulings and orders.
The plaintiff claims that its right to due process was denied by the court's limitation of the scope of the hearing on December 11, 1997. It claims that it should have been permitted to introduce evidence as to the actual ownership of the vehicles in question at that hearing. That issue had been resolved against the plaintiff at the trial of this matter, however, when the plaintiff had ample opportunity to introduce evidence to rebut the defendant's claim as to its ownership and failed to do so. Thus its due process right to be heard on that issue was fully respected, and the court's finding of ownership was made only after the plaintiff had a full and fair opportunity to be heard.
The hearing on December 11, 1997 was limited to the proper valuation of those vehicles previously found by the court to be the property of the plaintiff. The plaintiff had plenty of notice and a full opportunity to cross examine the defendant's witnesses on that issue at that hearing and availed itself of that opportunity. It did not introduce any evidence of its own on the issue. Thus, the procedure exemplified in the cases cited by the plaintiff was followed, and the plaintiff was given a full and CT Page 3837 fair opportunity to be heard on the only issue properly before the court at that hearing.
The plaintiff's remaining claim is that it was not able to be heard effectively on the issue of valuation at the December 11 hearing because the defendant, prior to the hearing, provided it with only the covers of the NADA "blue books" relied on by the defendant's assessor and not the pages from which the individual assessments of the vehicles in question were derived. There was uncontradicted testimony at the hearing that these reference books are available to the general public, presumably including personnel employed by the defendant or its counsel, in public libraries throughout the state. Therefore, the defendant's provision of only the cover pages of the particular volumes of the "blue books" upon which it was relying did not deny the plaintiff a fair opportunity to be heard.
The defendant provided ample foundation for its conclusions as to the valuations of the vehicles on each of the tax dates in question. The introduction of the particular pages of the "blue books" used was not necessary, nor was it necessary to provide them to the plaintiff or its counsel in view of their general availability. Plaintiff did not take advantage of this opportunity to call into question the valuations claimed by the defendant.
Accordingly, the motion of the plaintiff is denied.
BY THE COURT Shortall, J.